UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LISA BENNETT as Administratrix :
of the Estate of ANN HALL :
:
v. : C.A. No.
:
KENT COUNTY MEMORIAL HOSPITAL : CA 07 163 ML
MICHAEL QUAS, M.D. :
M. JAMES, R.N. :
JOHN AND JANE DOE, M.D., ALIAS; :
JOHN AND JANE DOE, R.N. ALIAS; :
JOHN DOE CORPORATION, ALIAS :

# COMPLAINT

## GENERAL ALLEGATIONS

1. Plaintiff Lisa Bennett is a citizen and resident of West Warwick, Rhode Island. She brings this as administratrix of the estate of her mother Ann Hall.

2. Defendant, Michael Quas, M.D. ("Quas") upon information and belief is a citizen and resident of Rhode Island. At all times mentioned herein, said defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of Emergency Medicine. At all times mentioned herein, defendant Quas was and is an employee, agent and/or servant of Kent County Memorial Hospital.

3. Defendant M. James, R.N. ("James") upon information and belief is a citizen and resident of Rhode Island. At all times mentioned herein, said defendant was engaged in the practice of medicine in Rhode Island and held herself out to be a Registered Nurse. At all times mentioned herein, defendant James was and is an employee, agent and/or servant of Kent County Memorial Hospital.

4. Defendant Kent County Memorial Hospital ("Kent County ") is a "covered hospital" as defined by 42 U.S.C. §1395dd(e)(2) and so is subject to the provisions of EMTALA, 42 U.S.C. §1395dd, et seq. and 42 C.F.R. §489.24(b).

5. Defendants John and Jane Doe, M.D. Alias are, upon information and belief, citizens and residents of the State of Rhode Island. The true names of said defendants are unknown to plaintiff, who consequently sues such defendants by said fictitious names. Plaintiff will seek leave to amend her Complaint to state defendants' true names when such have been ascertained. At all times mentioned herein, said defendants were agents, apparent agents, and/or employees of Kent County Memorial Hospital.

6. Defendant John Doe Corporation, upon information and belief is a non-business Corporation existing under the laws of Rhode Island with a principal place of business herein. The true name of the defendant Corporation is unknown to plaintiffs who will seeks leave to amend their Complaint to state the true name of defendant John Doe Corporation when such has been ascertained.

7. At all material times, Ms. Hall exercised due care for her safety and that of others.

8. On or about May 8, 2005, Ms. Hall presented to defendant Kent County Memorial Hospital Emergency Department with an emergency medical condition.

9. On May 10, 2005 Ms. Hall died from the injuries she suffered.

## JURISDICTION

10. Jurisdiction before this Federal Court is based on 28 U.S.C. § 1331; 42 U.S.C. § 1395; and 42 C.F.R. § 489.24(b)

## COUNT I
## -EMTALA- FAILURE TO PROVIDE MEDICAL SCREENING
## DEFENDANT KENT COUNTY MEMORIAL HOSPITAL

1. Plaintiff hereby incorporates Paragraphs 1 through 10 of the Complaint as if set forth fully and at length herein.

2. Defendant Kent County, by and through its agents, servants and/or employees, undertook the treatment and care of Ann Hall, and offered its services as an emergency medical department.

3. It then and there became the duty of the defendant Kent County, its agents, servants and/or employees, to provide Ann Hall with an appropriate medical screening examination which was within the capability of defendant Kent County Memorial Hospital's Emergency Department, as required by 42 U.S.C. §1395dd, et seq.

4. Nevertheless, defendant Kent County disregarded its duty as aforesaid and failed to provide Ann Hall with an appropriate medical screening examination within the capability of defendant Kent County Memorial Hospital's Emergency Department, in violation of 42 U.S.C. §1395dd, et seq.

5. As a direct and proximate result of defendant Kent County's negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant Kent County Memorial Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT II**
**-EMTALA- FAILURE TO STABILIZE**
**DEFENDANT KENT COUNTY MEMORIAL HOSPITAL**

1. Plaintiff hereby incorporates Paragraphs 1 through 10 of the Complaint as if set forth fully and at length herein.

2. Defendant Kent County, by and through its agents, servants and/or employees, undertook the treatment and care of Ann Hall, and offered its services as an emergency medical department.

3. It then and there became the duty of the defendant Kent County, its agents, servants and/or employees, to stabilize Ann Hall which was within the capability of defendant Kent County Memorial Hospital's Emergency Department, as required by 42 C.F.R. §489.24(b).

4. Nevertheless, defendant Kent County disregarded its duty as aforesaid and failed to stabilize Ann Hall within the capability of defendant Kent County Memorial Hospital's Emergency Department, in violation of 42 C.F.R. § 489.24(b).

5. As a direct and proximate result of defendant Kent County's negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant Kent County Memorial Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT III
### NEGLIGENCE
### DEFENDANT KENT COUNTY MEMORIAL HOSPITAL

1. Plaintiff hereby incorporates Paragraphs 1 through 10 of the Complaint as if set forth fully and at length herein.

2. On or about May 8, 2005 and thereafter defendant Kent County undertook for a valuable consideration to diagnose treat and care for Ann Hall.

3. It then and there became and was the duty of said defendant Kent County through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Ann Hall.

4. Nevertheless, defendant Kent County disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant Kent County failed to properly diagnose and failed to render adequate, proper and necessary treatment to Ann Hall and were otherwise negligent in its diagnosis, treatment, and care of her.

5. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant Kent County Memorial Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IV
### LACK OF INFORMED CONSENT
### DEFENDANT KENT COUNTY MEMORIAL HOSPITAL

1. Paragraphs 1 and 2 of Count III are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant Kent County, no emergency existing, to inform Ann Hall of the risks of harm attendant to the treatment and care defendant Kent County proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendant Kent County to obtain Ann Hall's informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant Kent County disregarded its duty as aforesaid and failed to inform Ann Hall of the risks of harm attendant to the treatment and care in

question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If the defendant Kent County had informed Ann Hall of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant Kent County Memorial Hospital in an amount

exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT V
### CORPORATE LIABILITY
### DEFENDANT KENT COUNTY MEMORIAL HOSPITAL

1. Paragraphs 1 and 2 of Count III are hereby incorporated as if set forth fully and at length herein.

2. It then and there became and was the duty of defendant Kent County to provide quality medical care to Ann Hall, to exercise the care in granting credentials and privileges to those providing care and treatment within the hospital, to protect her safety, to protect her from incompetent and/or negligent treatment, to supervise, and to otherwise exercise reasonable care for her protection and well-being.

3. Nevertheless, defendant Kent County negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a hospital to Ann Hall.

4. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

5. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

6. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

7. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

8. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant Kent County Memorial Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VI
## VICARIOUS LIABILITY
## DEFENDANT KENT COUNTY MEMORIAL HOSPITAL

1. Paragraphs 1 through 10 of the Complaint and Counts VII through X are hereby incorporated by reference as if fully set forth at length herein.

2. Defendants Michael Quas, M.D. and M. James, R.N. were employees, agents and/or servants of defendant Kent County and were acting within the scope of their employment at all times relevant hereto.

3. Defendant Kent County was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of defendant Quas and James as set forth above.

4. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

5. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

6. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

7. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

8. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant Kent County Memorial Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT VII**
**NEGLIGENCE**
**DEFENDANT MICHAEL QUAS, M.D.**

1. Plaintiff hereby incorporates Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

2. On or about May 8, 2005 and thereafter, defendant Quas undertook for a valuable consideration to diagnose, treat, and care for Ann Hall.

3. It then and there became and was the duty of defendant Quas to exercise that degree of diligence and skill required of the average physician engaged in the practice of emergency medicine.

4. Nevertheless, defendant Quas disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Ann Hall and was otherwise negligent in his diagnosis, treatment, and care of her.

5. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant Michael Quas, M.D. in an amount exceeding the

jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VIII
### LACK OF INFORMED CONSENT
### DEFENDANT MICHAEL QUAS, M.D.

1. Plaintiff hereby incorporates Paragraphs 1 and 2 of Count VII as if set forth fully at length herein.

2. It then and there became the duty of defendant Quas, no emergency existing, to inform Ann Hall of the risks of harm attendant to the treatment and care defendant Quas proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendant Quas to obtain Ann Hall's informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant Quas disregarded his duty as aforesaid and failed to inform Ann Hall of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If the defendant Quas had informed Ann Hall of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against Defendant, Michael Quas, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IX
### NEGLIGENCE
### DEFENDANT M. JAMES, R.N.

1. Plaintiff hereby incorporates Paragraphs 1 through 10 as if fully set forth herein.

2. On or about May 8, 2005 and thereafter, defendant James undertook for a valuable consideration to diagnose, treat, and care for Ann Hall.

3. It then and there became and was the duty of defendant James to exercise that degree of diligence and skill required of the average registered nurse.

4. Nevertheless, defendant James disregarded her duty as aforesaid and failed to exercise said degree of diligence and skill in that she failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Ann Hall and was otherwise negligent in her diagnosis, treatment, and care of her.

5. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant M. James, R.N. in an amount exceeding the

jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT X**
**LACK OF INFORMED CONSENT**
**DEFENDANT M. JAMES, R.N.**

1. Paragraphs 1 and 2 of Count IX are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant James, no emergency existing, to inform Ann Hall of the risks of harm attendant to the treatment and care defendant James proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendant James to obtain Ann Hall's informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant James disregarded her duty as aforesaid and failed to inform Ann Hall of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If the defendant James had informed Ann Hall of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of defendant Quas' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant M. James, R.N. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XI
### NEGLIGENCE
### JOHN AND JANE DOE, M.D., ALIAS

1. Plaintiff hereby incorporates Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

2. On or about May 8, 2005 and thereafter, defendants undertook for a valuable consideration to diagnose, treat, and care for Ann Hall.

3. It then and there became and was the duty of the defendants to exercise that degree of diligence and skill required of the average physician in the practice of medicine.

4. Nevertheless, defendants disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Ann Hall and was otherwise negligent in their diagnosis, treatment, and care of her.

5. As a direct and proximate result of defendants' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendants John and Jane Doe, M.D., Alias in an amount

exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XII
### LACK OF INFORMED CONSENT
### JOHN AND JANE DOE, M.D. ALIAS

1. Paragraphs 1 and 2 of Count XI are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendants, no emergency existing, to inform Ann Hall of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendants to obtain Ann Hall's informed consent before proceeding with said treatment and care.

3. Nevertheless, defendants disregarded their duty as aforesaid and failed to inform Ann Hall of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If defendants had informed Ann Hall of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendants' performance of the treatment and care in question, Ann Hall would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of defendants' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendants John and Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XIII
## NEGLIGENCE
## JOHN AND JANE DOE, R.N., ALIAS

1. Plaintiff hereby incorporates Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

2. On or about May 8, 2005 and thereafter, defendants undertook for a valuable consideration to diagnose, treat, and care for Ann Hall.

3. It then and there became and was the duty of the defendants to exercise that degree of diligence and skill required of the average nurse in the practice of medicine.

4. Nevertheless, defendants disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Ann Hall and was otherwise negligent in their diagnosis, treatment, and care of her.

5. As a direct and proximate result of defendants' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendants John and Jane Doe, R.N., Alias in an amount

exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XIV
### LACK OF INFORMED CONSENT
### JOHN AND JANE DOE, R.N. ALIAS

1. Paragraphs 1 and 2 of Count XIII are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendants, no emergency existing, to inform Ann Hall of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendants to obtain Ann Hall's informed consent before proceeding with said treatment and care.

3. Nevertheless, defendants disregarded their duty as aforesaid and failed to inform Ann Hall of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If defendants had informed Ann Hall of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendants' performance of the treatment and care in question, Ann Hall would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of defendants' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendants John and Jane Doe, R.N., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XV
### NEGLIGENCE
### DEFENDANT JOHN DOE CORPORATION

1. Plaintiff hereby incorporates Paragraphs 1 through 10 of the Complaint as if set forth fully and at length herein.

2. On or about May 8, 2005 and thereafter defendant corporation undertook for a valuable consideration to diagnose treat and care for Ann Hall.

3. It then and there became and was the duty of said defendant corporation through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Ann Hall.

4. Nevertheless, defendant corporation disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant corporation failed to properly diagnose and failed to render adequate, proper and necessary treatment to Ann Hall and were otherwise negligent in its diagnosis, treatment, and care of her.

5. As a direct and proximate result of defendant's negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant John Doe Corporation in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XVI
### LACK OF INFORMED CONSENT
### DEFENDANT JOHN DOE CORPORATION

1. Paragraphs 1 and 2 of Count XV are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant corporation, no emergency existing, to inform Ann Hall of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that Ann Hall could give her informed consent to such treatment. It also then and there became the duty of defendant corporation to obtain Ann Hall's informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant corporation disregarded its duty as aforesaid and failed to inform Ann Hall of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If the defendant corporation had informed Ann Hall of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5. As a direct and proximate result of defendant's negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

6. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

7. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

8. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

9. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against Defendant, John Doe Corporation, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XVII
## CORPORATE LIABILITY
## DEFENDANT JOHN DOE CORPORATION

1. Paragraphs 1 and 2 of Count XV are hereby incorporated as if set forth fully and at length herein.

2. It then and there became and was the duty of defendant corporation to provide quality medical care to Ann Hall to exercise the care in granting credentials and privileges to those providing care and treatment within the hospital, to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3. Nevertheless, defendant corporation negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Ann Hall.

4. As a direct and proximate result of defendants' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

5. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

6. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

7. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

8. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant John Doe Corporation in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XVIII
## VICARIOUS LIABILITY
## DEFENDANT JOHN DOE CORPORATION

1. Paragraphs 1 through 10 of the Complaint and Counts XI through XIV are hereby incorporated by reference as if fully set forth at length herein.

2. Defendants John and Jane Doe, M.D., Alias and John and Jane Doe, R.N., Alias were employees, agents and/or servants of defendant corporation and were acting within the scope of their employment at all times relevant hereto.

3. Defendant corporation was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of defendants John and Jane Doe, M.D., Alias and John and Jane Doe, R.N., Alias as set forth above.

4. As a direct and proximate result of defendants' negligence as aforesaid, Ann Hall suffered severe personal injuries and ultimately died on May 10, 2005.

5. By reason of the foregoing, Ann Hall's estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like.

6. By reason of the foregoing, Ann Hall's estate has incurred funeral and administration expenses, all of which damages are remunerable under R.I. Gen. Laws §10-7-5, and was otherwise damaged.

7. By reason of the death of Ann Hall's estate beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

8. By reason of the foregoing, Ann Hall suffered severe injuries to her mind and body, nerves, and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §10-7-1 et seq., specifically including §10-7-7, and was otherwise damaged.

WHEREFORE, plaintiff Lisa Bennett as administratrix of the Estate of Ann Hall demands judgment against defendant John Doe Corporation in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

Dated: May 8, 2007

**PLAINTIFF DEMANDS A TRIAL BY JURY AND DESIGNATES AMATO A. DELUCA, ESQ. AS TRIAL COUNSEL**