**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LISA BENNETT, as Administratrix
of the Estate of ANN HALL

vs. C.A. No. 07-163ML

KENT COUNTY MEMORIAL HOSPITAL,
MICHAEL QUAS, M.D.,
M. JAMES, R.N.,
JOHN AND JANE DOE, M.D., alias,
JOHN AND JANE DOE, R.N., alias,
JOHN DOE CORPORATION, alias

**DEFENDANTS, KENT COUNTY MEMORIAL HOSPITAL'S, MICHAEL QUAS, M.D.'S and M. JAMES, R.N.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1. Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to her proof.

2. Defendants admit that Dr. Quas was a citizen and resident of Rhode Island and at the times mentioned, engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of emergency medicine. The remaining allegations contained in paragraph 2 are denied.

3. Admitted.

4. Admitted.

5. Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to her proof.

6. Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to her proof.

7. Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to her proof.

/

8. Admitted.

9. Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to her proof.

10. Admitted.

**Count I**

1. Defendants incorporate by reference their answers to paragraphs 1 through 10.

2. Defendants admit that Kent County, by and through its agents, servants and/or employees, undertook to provide specific care and treatment for Ann Hall in its emergency medical department.

3. Defendants deny that paragraph 3 accurately articulates its duty under 42 U.S.C. §1395dd, et seq.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Count II**

1. Defendants incorporate by reference their answers to paragraph 1 through 10 of the complaint.

2. Defendants admit that it undertook to provide certain specific treatment and care of Ann Hall in its emergency medical department.

3. Defendants deny paragraph 3 accurately articulates its duty under Rhode Island law.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Count III**

1. Defendants incorporate by reference their answers to paragraphs 1 through 10 of the complaint.

2. Defendants admit that on or about May 8, 2005, it undertook for valuable consideration to provide certain medical diagnosis, treatment and care for Ann Hall. The remaining allegations contained in paragraph 2 are denied.

3. Defendants deny paragraph 3 accurately articulates its duty under Rhode Island law.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Count IV**

1. Defendants incorporate by reference their answers to paragraphs 1 and 2 of Count III.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Count V**

1. Defendants incorporate by reference its answers to paragraphs 1 and 2 of Count III.

2. Defendants deny paragraph 2 accurately articulates its duty under Rhode Island law.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

**Count VI**

1. Defendants incorporate by reference their answers to paragraphs 1 through 10 of the complaint and Counts VII through X.

2. Defendants deny that Dr. Quas was an employee, agent or servant of Defendant, Kent County Memorial Hospital. The remaining allegations contained in paragraph 2 are admitted.

3. Denied as to Dr. Quas, admitted as to Defendant, James.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

**Count VII**

1. Defendants incorporate by reference their answers to paragraphs 1 through 10 of the complaint.

2. Defendants admit that on May 8, 2005, Dr. Quas undertook for valuable consideration to provide certain medical diagnosis, treatment and care for Ann Hall. The remaining allegations contained in paragraph 2 are denied.

3. Defendants deny paragraph 3 accurately articulates his duty under Rhode Island law.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Count VIII**

1. Defendants incorporate by reference their answers to paragraphs 1 and 2 of Count VII.

2. Defendant denies paragraph 2 accurately articulates his duty under Rhode Island law.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Count IX**

1. Defendants incorporate by reference their answers to paragraphs 1 through 10 of the complaint.

2. Defendants admit that Nurse James undertook for valuable consideration to provide certain medical treatment and care for Ann Hall. The remaining allegations contained in paragraph 2 are denied.

3. Defendants deny paragraph 3 accurately articulates Nurse James' duty under Rhode Island law.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Count X**

1. Defendants incorporate by reference their answers to paragraphs 1 and 2 of Count IX.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**Counts XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII**

The allegations contained in Counts XI through XVIII are not directed at these defendants and require no responsive pleading. To the extent they are deemed to allege any wrongdoing on the part of these defendants, they are denied.

**WHEREFORE,** these defendants demand judgment dismissing plaintiff's complaint and for costs.

**First Affirmative Defense**

Count IV of the complaint fails to state a claim upon which relief can be granted and should be dismissed. In particulate, the legal standard positive is not the law of the State of Rhode Island.

**Second Affirmative Defense**

Count V of plaintiff's complaint should be dismissed. In particular, Count V does not posit a theory under which relief can be granted under Rhode Island law.

**Third Affirmative Defense**

Count VII of the complaint should be dismissed because it fails to state a claim on which relief can be granted. In particular, it does not accurately articulate a theory upon which relief can be granted under Rhode Island law.

**Fourth Affirmative Defense**

Count VIII of the complaint should be dismissed because it fails to state a claim on which relief can be granted. In particular, it does not accurately articulate a theory upon which relief can be granted under Rhode Island law.

**Fifth Affirmative Defense**

Count IX of the complaint should be dismissed because it fails to state a claim on which relief can be granted. In particular, it does not accurately articulate a theory upon which relief can be granted under Rhode Island law.

**Sixth Affirmative Defense**

Count X of the complaint should be dismissed because it fails to state a claim on which relief can be granted. In particular, it does not accurately articulate a theory upon which relief can be granted under Rhode Island law.

**Defendant demands a trial by jury.**
**Michael G. Sarli is designated trial counsel.**

Kent County Memorial Hospital
Michael Quas, M.D.
M. James, R.N.
By their attorneys,

*Michael G. Sarli*

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, Rhode Island 02903
(401) 274-6644
Fax: 331-9304

**CERTIFICATE OF SERVICE**

Amato A. DeLuca, Esq.
DELUCA & WEIZENBAUM
199 North Main Street
Providence, RI 02903

I hereby certify that I forwarded a copy of the foregoing to the above-reference counsel of record via deposit in the United States mail, postage prepaid/hand-delivery on this **26th** of **June,** 2007.

*Charlene Perry*