UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LISA BENNETT as Administratrix<br>of the Estate of ANN HALL | : | |
| v. | : | C.A. No. 07-163-ML |
| KENT COUNTY MEMORIAL HOSPITAL<br>MICHAEL QUAS, M.D.<br>M. JAMES, R.N.<br>JOHN AND JANE DOE, M.D., ALIAS;<br>JOHN AND JANE DOE, R.N. ALIAS;<br>JOHN DOE CORPORATION, ALIAS | : | |

**PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the plaintiff hereby makes the following initial disclosures.

The individuals, documents and information disclosed herein are based upon the present knowledge of the plaintiff at this time and are not intended to identify all such matter as they may be subsequently determined through discovery. Plaintiff reserves the right to supplement these disclosures, and waives no applicable rights or privileges by service of this document.

**A. The name, address and telephone number of each individual likely to have discoverable information that may be used to support claims:**

1. Lisa Bennett, 13 Prospect Hill Avenue, West Warwick, RI 02893, 450-2305. Lisa Bennett is the daughter of Ms. Hall and the administratrix of her estate.

2. Kenneth Gammon, 391 Washington Street. Apt #3, West Warwick, 02893, 826-7543. Mr. Gammon knew Ms. Hall and was with her on her emergency room visits on May 8, 2005 and when the Rhode Island EMS was called to her residence on that date.

3. Defendant, Michael Quas, Kent County Memorial Hospital. Dr. Quas was the emergency room physician on duty during Ms. Hall's initial presentation to the hospital on May 8, 2005.

4. Defendant M. James, R.N., Kent County Memorial Hospital. Nurse James was a nurse on duty at Kent County Memorial Hospital during Ms. Hall's initial presentation to the hospital on May 8, 2005.

5. All other medical providers identified in the medical records, including, but not limited to the following:

   a. James Rayner, M.D., Kent County Memorial Hospital. Dr. Rayner was the emergency room physician on duty during Ms. Hall's second presentation to the hospital on May 8, 2005.

   b. Robert Tubbs, M.D., Rhode Island Hospital. Dr. Tubbs was the emergency room physician on duty when Ms. Hall was transferred to Rhode Island Hospital on May 9, 2005.

   c. Curtis Doberstein, M.D., Rhode Island Hospital. Dr. Doberstein was the admitting physician at Rhode Island Hospital when Ms. Hall was transferred there on May 9, 2005.

   d. The nurse on duty at Rhode Island Hospital on the morning of May 9, 2005 who entered the nursing assessment at 0150 upon Ms. Hall's transfer to the hospital.

   e. Michael Stanchina, M.D., Rhode Island Hospital. Dr. Stanchina was the physician who pronounced Ms. Hall dead at Rhode Island Hospital on May 9, 2005.

   f. The nurse and respiratory physician who accompanied Ms. Hall by ambulance from Kent County Memorial Hospital to Rhode Island Hospital on the morning of May 9, 2005

6. Emergency Service personnel, West Warwick Fire Department, including Lieutenant Hart, the EMS Coordinator for West Warwick Fire Department; the Emergency Service personnel who transported Ms. Hall on both occasions on May 8, 2005; the Emergency Service personnel who transported Ms. Hall from Kent County Memorial Hospital to Rhode Island Hospital on the morning of May 9, 2005.

**B. A copy of, or a description by category and location of, all documents, data compilations and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Plaintiff is in possession of copies of the following documents, which documents have been produced to defendant:

<u>Medical Records</u>

1. Death Certificate
2. Kent County Memorial Hospital (F*irst Emergency Visit 05-08-05)*
3. Kent County Memorial Hospital (*Second Emergency Visit 05-08-05)*
4. Rhode Island Hospital

5 CVS Pharmacy
6. Kent County Memorial Hospital Bills

Additional documents in the possession or custody of third parties that are subject to the control of plaintiff may exist, but have not yet been identified or obtained by plaintiff.

**C. Damages Computation**

Plaintiff seeks reasonable compensation on all claims, including damages for wrongful death and violations of EMTALA. Calculation of damages for certain elements thereof (*e.g.*, pain and suffering) are not susceptible to the type of calculation contemplated by Rule 26(a)(1). Calculation of other elements of damage (*e.g.,* pecuniary damages) require the opinions of experts not yet retained to testify at trial. Notwithstanding, documents in plaintiff's possession to date bearing on damage calculations and the nature and extent of plaintiff's decedent's injuries—medical records and bills—have been previously produced to defendants (*see,* B, above).

**D. Applicable Insurance Agreements**

N/A

Plaintiff,
By her attorneys,

s/Amato A. DeLuca

Amato A. DeLuca (RI Bar #0531)
Michael T. Eskey (RI Bar #3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax