UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LISA BENNETT, as Administratrix of the Estate of Ann Hall | : : : | |
| v. | : : | C.A. No. 07-163ML |
| KENT COUNTY MEMORIAL HOSPITAL, et al. | : : | |

**MEMORANDUM AND ORDER**

Defendants move to strike portions of the errata sheet of Kenneth Gammon, Sr. (Document No. 20). Plaintiff objects. (Document No. 21). Both sides have thoroughly briefed the issue and thus oral argument is not necessary.

**Background**

This is a medical malpractice action in which Plaintiff, the daughter of Ann Hall and Administratrix of her Estate, alleges that her mother's death was caused by Defendants' negligence. Mr. Gammon was the decedent's boyfriend at the time of her death and had been living with her for several years. Mr. Gammon was present with the decedent when she was treated in the Emergency Room of Kent County Memorial Hospital. Both sides describe Mr. Gammon as a material witness.

Mr. Gammon was deposed on May 19, 2008 by Defendants' counsel. Plaintiff's counsel apparently represented Mr. Gammon at the deposition and, at the conclusion of the deposition, requested that Mr. Gammon be permitted to "read and sign" the Transcript. Gammon Transcript ("Tr.") at p. 169. The Transcript was issued on June 4, 2008 and Mr. Gammon signed and swore to a "Correction and Signature Page" or Errata Sheet on June 26, 2008. Defendants' Ex. A. Mr. Gammon identified ten pages of the transcript on which he makes a change and/or comment. Id.

Defendants move to strike four of the ten "changes," i.e., those noted for pages 57, 58, 67 and 125. Document No. 20 at pp. 3-5.

### Discussion

Rule 30(e), Fed. R. Civ. P., provides as follows:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Defendants contend that "Mr. Gammon, via his errata sheet, attempts to make several substantive changes that have the effect of altering what he said under oath; not for the purpose of correcting an error in transcription." Document No. 20 at p. 3. Plaintiff counters that Rule 30(e) expressly contemplates changes in "substance" and that Defendants have "other tools at their disposal" such as cross-examining Mr. Gammon on the changes or reconvening his deposition to inquire further on the "changed" testimony. Document No. 21.

Defendants rely on the so-called Greenway line of cases. In Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992), the court stated that a deposition was "not a take home examination" and rejected a plaintiff's attempt to make sixty-four substantive corrections to her deposition. Although some courts have followed Greenway, my research indicates that the majority have not and have held that Rule 30(e) expressly allows changes in both "form or substance." See Purdee v. Pilot Travel Ctrs., LLC, No. CV 407-028, 2007 WL 3143716 at *1 (S.D. Ga. Oct. 23, 2007) ("no merit to defendant's contention that a deponent cannot make substantive changes to her testimony by way of Rule 30(e) errata corrections"); and Glenwood Farms, Inc. v. Ivey, 229 F.R.D.

34, 35 (D. Me. 2005) ("A substantial body of case law holds that, so long as the deponent gives reasons for changes or additions to his deposition testimony under the terms of Rule 30(e) and the original testimony remains in the transcript, no action by the court is indicated.").

Defendants also argue that their Motion to Strike is supported by Judge Torres' decision in Crowe v. Marchand, No. 05-98T, 2006 WL 5230014 at *1 (D.R.I. Aug. 17, 2006). In Crowe, Judge Torres granted a motion to strike an errata sheet of a plaintiff's expert in a medical malpractice action noting that "the purpose of an errata sheet is to correct alleged inaccuracies in what the deponent said at his deposition, not to modify what the deponent said for tactical reasons or to reflect what he wishes that he had said." (emphasis omitted). Id. He also granted the motion because the errata sheet violated the procedural requirements of Rule 30(e) in that it was untimely and did not include the deponent's "reasons" for the changes. Id. The holding in Crowe is distinguishable and thus not controlling. In addition to being based primarily on procedural deficiencies, the deponent's proposed changes in Crowe were plainly tactical. Shortly after the expert's deposition, the defendants moved in limine to preclude plaintiff's expert from offering any opinions at trial which he characterized as "guesstimates" and were not held by him to a reasonable degree of medical certainty as required by Rhode Island law. Crowe, Document No. 85 at pp. 5-6. Thereafter, the expert signed an errata sheet which included several requests to change his use of the word "guesstimate" to the phrase "clinical approximation based on a reasonable degree of medical certainty." Id. at Document No. 91-2. As accurately noted by Judge Torres, this was a blatant attempt to change a deponent's testimony for "tactical reasons," and striking the errata sheet was warranted.

In this case, Mr. Gammon's errata sheet is not a tactical attempt to rewrite his deposition testimony. Applying the majority line of cases which follows the plain meaning of Rule 30(e)'s allowance of "changes in form or substance," there is no basis to strike the portions of Mr. Gammon's errata sheet challenged by Defendants (with one exception noted below). For example, on page 57, Mr. Gammon changes his response from "No, Sir" to "Yes, Sir." Mr. Gammon was responding to the following question:

> To your knowledge, something else could have been done by way of exam that you just don't remember the specifics of?

Two questions later, Defendants' counsel followed up by asking Mr. Gammon, "So perhaps a clearer answer would be is things may have been going on, but I couldn't see because the doctor was between me and Ann?" It is apparent from Mr. Gammon's deposition that he contends that something more "could" and should have been done in terms of treating or examining his girlfriend. However, it appears from the questioning that Defendants' counsel was trying to nail down at that point in the deposition whether it was possible that some other exam was actually performed that Mr. Gammon does not remember or did not see.

Although Mr. Gammon seeks to contradict his original response, the Court cannot conclude that the change is made in bad faith or otherwise in violation of Rule 30(e). See Reilly v. TXU Corp., 230 F.R.D. 486, 490 (N.D. Tex. 2005) (Rule 30(e) "makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest mistake."). In context, the question in issue (page 57, lines 11-13) was confusing, and Mr. Gammon exercised his right under Rule 30(e) to review the transcript, list changes in "form or substance" and give his reason for the changes. Mr. Gammon also provides legitimate reasons for his proposed changes on pages 58 and 125 and thus they also comply with Rule 30(e). Both the original answers and changes

will remain part of the record and available to Defendants for cross-examination of Mr. Gammon. See Elwell v. Conair, Inc., 145 F. Supp. 2d 79, 87-88 (D. Me. 2001).  Defendants' Motion must be granted, however, as to Mr. Gammon's change to his testimony on page 67 because Mr. Gammon failed to provide a reason for the change as required by Rule 30(e).

**Conclusion**

For the foregoing reasons, Defendants' Motion to Strike Portions of the Errata Sheet of Kenneth Gammon, Sr. (Document No. 20) is GRANTED solely as to the change on page 67, Line 12 and is otherwise DENIED.

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 14, 2009